| | |
|---|---|
| Sean Ferry (SBN 310347) <br> sferry@rasflaw.com <br> **ROBERTSON, ANSCHUTZ & SCHNEID** <br> 7676 Hazard Center Drive, Suite 500 <br> San Diego, CA 92108 <br> Telephone: (561) 241-6901 Ext. 2036 <br><br> Attorneys for Creditor <br> U.S. Bank Trust National Association, As Trustee <br> Of CVF III Mortgage Loan Trust II | |

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re <br><br> Zarah Victoria Teresa Garcia, <br> dba Ridin' Dirty <br> aka Zarah Lopez <br> aka Zarah Velasquez <br> aka Zarah Sacramento <br> aka Zarah Lopez <br> aka Zarah McKean <br><br>          Debtor. | Case No. 2:20-bk-22147 <br><br> DC No. RAS-1 <br><br> Chapter 13 <br><br> **OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION** <br><br> <u>**SUBJECT PROPERTY:**</u> <br> 3420 Harvey Avenue, <br> Stockton, CA 95206 <br><br> <u>**CONFIRMATION HEARING:**</u> <br> DATE:     July 7, 2020 <br> TIME:     10:00 AM <br> PLACE:    U.S. Bankruptcy Court 501 <br>                "I" Street <br> CTRM:    34, 6th Floor <br> JUDGE:   HON. Christopher D. Jaime |

      U.S. Bank Trust National Association, As Trustee Of CVF III Mortgage Loan Trust II (collectively the "<u>Creditor</u>"), secured creditor of the above-entitled debtor, Zarah Victoria Teresa Garcia ("<u>Debtor</u>"), hereby objects to confirmation of the Chapter 13 Plan filed by the Debtor in the above-referenced matter. The basis of the objection is stated below: [1]

---

[1] This objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Robertson, Anschutz, & Schneid's participation in this proceeding. Moreover, the within party does not authorize Robertson, Anschutz, & Schneid, either expressly or impliedly through Robertson, Anschutz, & Schneid's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 1 -           CASE NO. 2:20-BK-22147
**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNAIZATION**

### I.　　STATEMENT OF FACTS[2]

On or about December 22, 2015, Debtor executed a promissory note in the original principal sum of $189,926.00 (the "<u>Note</u>") which was made payable to Stearns Lending, LLC ("<u>Lender</u>"). The Note was and remains secured by a recorded deed of trust (the "<u>Deed of Trust</u>") encumbering the real property located at 3420 Harvey Avenue, Stockton, CA 95206 (the "<u>Subject Property</u>"). Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

On April 21, 2020, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California – Sacramento Division, and was assigned case number 2:20-bk-22147.

On May 4, 2020, Debtor filed a Chapter 13 Plan ("<u>Plan</u>") which provides for Creditor's claim in Section 3.07. The Plan fails to provide for Debtor's total pre-petition arrears.

### II.　　ARGUMENT

**A.　DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED BY 11 U.S.C. §1322(b)(5)**

Section 1325(a)(1) requires that "the plan complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). Section 1322(b)(5) requires that all chapter 13 plans must provide for the "curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." Further, section 1322(b)(2) prohibits debtors from modifying the rights of secured creditor whose security interest is secured solely by the debtor's principal residence.

In the present case, the major deficiency with Debtor's Plan is that it incorrectly asserts the outstanding arrearage balance of Creditor's pre-petition claim. Specifically, Debtor's Plan states that Debtor's pre-petition arrears are $21,000.00; however, Debtor's arrears are actually

---

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case.

$25,173.87 in accordance with Creditor's timely-filed Proof of Claim, Claim No. 2-1. Accordingly, Debtor's Plan fails to meet the requirements of section 1325(a)(1) because it does not provide to promptly cure the **entire** outstanding balance of Creditor's arrearage claim as required by section 1322(b)(5). Based upon the foregoing, the Court should deny confirmation of the Debtor's Plan. In the alternative, the Court should confirm the Plan with a provision stating the Debtor must cure Creditor's entire pre-petition arrears in the amount of $25,173.87, in equal monthly payments over a period of time not to exceed (60) months.

**WHEREFORE**, Creditor respectfully requests:

1. That the Court deny confirmation of the Debtor's Plan;
2. For such other and further relief as this court deems just and proper

Respectfully submitted,

**ROBERTSON, ANSCHUTZ & SCHNEID, P.L**.

Dated: June 16, 2020
/s/ *Sean Ferry* (SBN 310347)
SEAN FERRY
Attorneys for U.S. Bank Trust National Association, As Trustee Of CVF III Mortgage Loan Trust II